We have four arguments here this morning, of which the first is number 231427, WSOU Investments against F5. Mr. Ramos. Good morning, Your Honors. Are you ready? Yes. May it please the Court. Your Honors, this appeal turns on whether the District Court erred in reconstruing the term, master device, to require interchangeability when granting F5's motion for summary judgment. Razzos respectfully contends that it did. Claim construction always starts with the claims. Well, can you start somewhere else, which at least in my current thinking is the biggest hurdle you have to overcome, which is what you said at various stages about this question. In your claim construction submissions, at least one slide, your briefs, you used language that the District Court, in its claim construction order, seemed to be adopting as an understanding that you had suggested not only that the master device need not start and remain statically one of the cluster devices, not only that it, as you said, or your position now is it can change, but that in fact it can change to any of the devices in the cluster. And you had several bits of language indicating that you were saying that it could change to any of the devices in the cluster. And why is that not a problem? Yes, Your Honor. To be certain, that is a defense and the core of F5's argument. Judicial estoppel, Your Honors, respectfully, should not apply here. Brazos has not taken a clearly inconsistent position. First of all, it never urged the court to adopt a construction that required interchangeability. Solely in response to F5's proposed construction in which it limited a master device to a single device, Brazos pointed to the patent's disclosure of an embodiment in which any node can generally function as the master node. In its summary judgment order, however, the court adopted a patent-wide interchangeability requirement, something Brazos never urged. And that's clear from the briefing. Well, I mean, now you're stating general conclusions. I mean, maybe it's best if you just not look at your notes. You said several times to the district court, for example, the patent contemplates that any device can serve as the master. The patent, that's, I think, your opening claim construction brief. Your responsive brief, the patent contemplates that a master device can be any device and can change. Those are two distinct things, but you said both of them. Yes, Your Honor. Can change is one thing. Can change to any device is another thing. And I think you meant, I think, I'm not sure, only it can change not to any device. But you said any device. That's the problem I want you to confront squarely. Yes, Your Honor. First of all, to any device may not have been the most artful language. Certainly, it's clear to me on the record that what was meant is whether or not the master device can change. Indeed, that's consistent with the patent's disclosure, even in an embodiment in which interchangeability is disclosed, which is at APPX 107, line 40. It says all nodes in a cluster would typically be functionally equivalent. Brazos was solely attempting to respond to F5's inclusion of the word single. Now, it may be helpful to explain what actually happened at the hearing. At the claim construction hearing, what happened is that Brazos made it clear that, in fact, the invention included multiple objectives. And when asked what the big deal of the patent was, Brazos did not say that the big deal was interchangeability. What Brazos said is that there are several advantages. One of the advantages is that the master device can change. But another advantage is that the master device considers the status of underlying devices and intelligently assigns work to them. I don't understand what distinction you're trying to make. You just said yourself right here that one of the advantages is that the master device can change. I mean, given that, along with everything else you told the district court, I don't understand why she wasn't actually correct in her claim construction based on what you were telling her. Well, there's a difference, Your Honor, between saying that the patent allows for a master device to change and saying that it's a claim requirement. And during the claim construction hearing, which I was just talking about, in fact, the F5 agreed that the party's constructions weren't so different. And this was not a hotly contested topic, in fact. The court didn't really see the difference between their usage of the term a single device and our usage of the term a device. Well, except it sounds like their usage was it's only a single device that never changes, and yours is it's a device that can change between the different devices in the group. Well, actually, during the claim construction hearing, Your Honor, what they said is, they said it really doesn't make any difference to us whether it's a single device or a device, so long as their brazos is agreeing that there's not more than one at a time. That's at APPX 9905 9-13. They weren't arguing. I'm sorry. I don't understand. Did they also say it can change or it couldn't change? They said that it could change. The point they were making during the claim construction hearing. I have a feeling they're going to disagree with you on that. Do you have a cite for that? I do, APPX 9905 9-13. What does it say? What it says is that when asked why the constructions were different, the court said, I'm having a hard time seeing what difference it really makes, this issue. And F5 argued that the master could change from time to time, but at any time there was only one master. That's at APPX 9903 17-9904 colon 7. And then when the court asked what difference there was between the parties' positions in that regard, F5's counsel conceded that it really didn't make any difference to them, so long as they're agreeing there's not more than one at a time. In other words, that's at APPX 9905 9-13. So they weren't arguing that there isn't any interchangeability, and we didn't argue that it's not permitted. They were just arguing that there couldn't be more than one at a time. Can I try to clarify something? Because I think we may not be quite on the same page, and maybe I've misunderstood. Yes, Don. There is, as a logical matter, a difference between saying the master device can change, maybe change to only one of the other devices in the cluster, and saying it can change to any of the devices in the cluster. Now, the term interchangeability is the label that was given in the footnote of the district court's opinion, footnote 3 or 5 or something like that, saying what I mean by interchangeability, and I think maybe what the parties meant, I'm not sure, is that the master can change to any of the devices. Does it make a difference to the summary judgment determination whether what we're talking about is whether the master device can change at all or has to be changeable to all of the devices in the cluster? Your Honor. You don't understand my point. There are seven devices in the cluster. Yes. You start, number one is the master. Master can change only to device number two, or master can change to 2, 3, 4, 5, 6, and 7. Yes. Those are two different possibilities. What's in dispute here? Your Honor, Brazos is not taking the position that interchangeability is required for every device in a cluster, even for claims that explicitly require it. If you look at dependent claims 511 and 17, what they say is that master node responsibility can be transferred to a device, not that it can be transferred to any device. That's in the claim language itself. Brazos said in the claim construction briefing that the patent contemplated that the master device could change. When it came time for summary judgment, was the non-infringement determination that in the accused product the master can't change to anything or that it merely can't change to the full panoply of other devices? You're asking what their non-infringement position is? Well, I'm asking what the non-infringement determination as a summary judgment matter by the district court was. The non-infringement determination by the district court was that interchangeability was required where a device must be able to change to any device in the cluster. That's what the summary judgment held, and that would appear to mean that it would be able to change to every other device in the cluster. More than appear, that's how the court defined interchangeability. Suppose the question were whether it can change at all to a particular one of the other devices. Would the summary judgment question of infringement be any different? I don't believe so, Your Honor. That question was not decided, but I'm asking now whether we would be engaged in a pointless distinction. I don't believe so, Your Honor, because Brazos cited evidence showing that the accused Big IP DNS was, in fact, interchangeable with other devices. With some other devices? With some other devices in the cluster. Well, the court didn't really specify, but it found that Brazos' arguments on that point were insufficient and did not agree with us, so it ruled on interchangeability alone. I didn't see that the court specified whether that was with respect to some or all of the devices, but it didn't appear to find that there was any interchangeability whatsoever, meaning that. The language is really getting in the way here. Interchangeability was defined here to mean any other device can be swapped in. The word, as an English language matter, could refer to something much, much lesser, namely the master can go to at least one other device. You could call that interchangeable, and every time you use the term interchangeability, I keep trying to figure out which you're talking about. Yes, Your Honor. The court used the word any, and when it used the word any, it appeared to use it to mean all, and so I think that that's correct. A disputed fact as to whether their device can change to one other unit or less than all? We did not appeal the court's interchangeability or determination that Brazos had not presented evidence that the master could change to any other device in the cluster. Let me restate that to make sure I understand what you're saying. Okay, so before us, it's not disputed that their device can't change at all? That issue is not on appeal. We did not appeal the issue. Well, it's before us. Is it disputed or not? Did you dispute it below? We provided evidence of it, but we didn't appeal that finding. Okay. You are into your rebuttal time. Pardon? You're into your rebuttal time. Yes, Your Honor. The other thing that I would quickly say, if I can just use a minute of my rebuttal time, is that the claims here are very clear about specifically what's required of a master device. The summary of the invention describes two primary objectives. The primary objective is one where the status of underlying devices is considered when work is assigned to those devices. That disclosure is embodied in the independent claims, which were asserted. At the end of that summary, an alternative embodiment is described in which any node may function as the master, and that's the invention that the unasserted dependent claims 511 and 17 are directed towards. Thank you, Your Honors. Good morning, Your Honors. Jonathan Weiber for Eppley F5. May it please the Court. Your Honor, I understand exactly what you're referring to, and that's really the crux of the issue. There's actually three different possibilities, not just the two that you mentioned. It turns on how many of the host's devices can provide DNS functionality. The choices are zero, one, two, or all. When they talk about interchangeability, they're talking about complete interchangeability. When you say provide DNS functionalities, is that the word you use? Yeah. You mean serve as the master? The master is the node that provides DNS functionality. The prior art described two different kinds of nodes in these clusters. There's the content host that provides the web page or whatnot. That does not provide DNS services. Instead, a separate device has to provide DNS services. The patent says, you know what, let's have one of these hosts double up on double duty and provide DNS services. The question that you're asking, do they all have to be able to? Just two so you can interchange them? Or, and I'm adding, just one. Because in the accused product, the answer is zero. That's our non-infringement position. We practice only the prior art. As far as the, I'll call it partial interchangeability, where you have only two. Okay, and just to be clear, the district court did not find that you were zero? I think that it did. The district court found, at the very least, that there was no interchangeability. But by interchangeability, she meant all. The district court meant all. I'm not sure about that. The district court had maybe two different definitions of interchangeability. At some point she said all. At some point she said just one. Just the ability to change. But when she found no interchangeability, what she was talking about was there was no ability of our master, our DNS server, to change at all. It does not change. Can I see if I understand what you're trying to say? Again, this technology, it's not super complex, but I might be getting it wrong. The prior art seems like there's the master node, and then there's all the other servers. And they're separate things. The patent has a cluster of a bunch of different nodes, and the master can switch between the cluster. You're saying your node that operates as a master is not part of the cluster, like the prior art. When we say part of the cluster, I want to make sure that what we're referring to is accurate. That's what I think is the fuzziness here, and I'm not sure it really matters, because your view is yours never changes. The prior art operates like your chambers, Your Honor. You have a judge, and you have some clerks. The clerk is not a judge. The judge is not a clerk. Why? Because they have different roles. So the prior art has a DNS server, and it's got a cluster of devices that provide service. They're separate. They don't have the same functionality. It doesn't matter if they're in the same chambers or not. They're just different roles. So that's how the admitted prior art operates, and that's how the accused product operates. And what we submit is that this is exactly what the district court found, and therefore, since none of our nodes could serve as the master device, it doesn't even matter if it's two or all. But if you disagree, you can't transfer it all. It doesn't transfer it all, and I'm happy to point to the findings there. And there's no dispute of fact about that? Well, the district court found this is a matter of fact. It's not appealed. There's no dispute about that. So that's waived on appeal. In Appendix 63, it says, Big IP DNS, that's our DNS server, cannot function interchangeably with other devices in the cluster. There's no evidence that it changes at all. But again, you know, it just depends what's meant by interchangeably. Right? Footnote. Where was it? Five. Right. For simplicity, this court often refers to this capability as interchangeability. The footnote hangs off a sentence that says that any device in a cluster can serve as the master device at any given time. Now, the word any maybe can mean even a single one. I think it means here every. I agree with Your Honor that that footnote seems to imply every. Yeah. The summary judgment order also says that this requires flexibility and interchangeability. And specifically, the court, quote, referred to that as the ability of the master device to change as needed. So it's not clear if she means complete or not. But what we're saying, it doesn't even matter. But we don't, how do we know that it doesn't matter? The district court did not make a finding of fact that it wouldn't matter whether one was talking about switching over to every one of the members of the cluster or switching over to even one other one. Let me step back to the actual fact findings and what they say. The fact findings say that our LTMs, the nodes, the host devices, quote, they are not capable of responding to DNS queries. What are you pointing to? This is Appendix 61. What page? Appendix 61. 61. And on that same page, which line of 61? Yeah, we're kind of on a trust but verify basis. It's the third category of evidence, and it's line 19, I believe, is what the third category is. And it's line 25. It does not opine that the other devices in the cluster, big IP LTMs, are also capable of responding to DNS queries and selecting other devices. And in the second category just before it, she says, the evidence doesn't show that the big IP DNS could perform the same functions performed with the LTMs, nor that the LTMs could perform the same load balancing functions. This is in the previous page. So what she's saying is that we have a separate, these fact findings say we have a separate DNS, which means zero of the nodes in the cluster could perform DNS. So whether the claims require one or two or all, none of it really matters, because we don't infringe on any of those circumstances. At the very least, as I said before, I think that the finding of no interchangeability at all means that it has to be at least two, and we're at zero. I'd like to explain why it is that we got to this point. It's been F5's position throughout this that we don't have, that we have a separate device such that no. Can you explain to me, because I thought, I was a little confused by the different claim concessions below, because it seemed the one you put forward was against your interest, because you initially argued it all had to be one. But is it because your proposed claim was it still had to be one of the servers, the type of servers, the host, whatever you're talking about, not the one that does the DNS servers? Yeah, so the position we took below is it has to be at least one, and ours has zero. So they stood up after that and said, at least one, it's got to be all of them. So we said, okay, and the district court adopted that. So we said, all right, well, we said we don't have any, and whether it's one or all of them, it doesn't matter. That's the argument we made at summary judgment. We said we have zero, the claim construction required all. So they're up here saying the claim construction of all is wrong. But okay, even if it's wrong, it requires at least two, it requires at least one. We're still at zero, and there's undisputed fact findings, unappealed fact findings, that it has to be at least two or maybe at least one. It's not even disputed that it has to be at least one, right? Because that's what the invention is. And so those are the fact findings I'm trying to point to. So what was the sequence of the claim construction order and discovery? Which part of discovery are you referring to, Your Honor? So you make a judicial estoppel argument. So this is the background to the question. One near universal, maybe even universal requirement before judicial estoppel can apply, is that the party against whom it is asserted obtained something, an advantage, actually obtained an advantage by the earlier assertion. I'm not sure what that advantage was here. I think you have a good point, Your Honor. We think that this is at least disfavored under the case law of this court. Well, there's a separate point about you can't come up on appeal and fault the district court for adopting the claim construction you proposed. This isn't that. The other side proposed a claim construction that didn't talk about all or any or anything like that. The things that you're relying on and that the district court relied on are things that they asserted in briefing or otherwise in support of a claim construction that was not the interchangeability point. I think what they were trying to do was bolster their- I'm not sure what they're trying to do matters. Okay. So I'm not sure what the doctrine is that says these statements that the other side made are finding on them. It wasn't quite their claim construction. It doesn't look like judicial estoppel applies. So why not get directly to whether this claim construction is right or not? I'm very happy to talk about that. I don't mean get to it here. And you have some problems, I think. Figure six, I think, is a real problem for you. Figure six. Do I have the wrong case? Maybe I have the wrong case. Figure one is the one that they point to as a separate embodiment, and I'm happy to talk about that. As far as which judicial doctrine to apply to their statements, this court hasn't been very clear about which one applies. Key pharmacies says it's something. It could be a waiver. It could be judicial estoppel. It could be invited error. But you know what? We're just going to say it's extremely disfavored, and it's never been really settled exactly what you do in this kind of situation. Right. I guess I was thinking of the wrong case. I apologize for that. So the spec and the claim differentiation points and the language, the particular language, at least if what we're talking about is changeable to every other one, that seems to be a real stretch as a claim construction argument. I agree. It's not our construction. We never proposed it in the district court. You don't have to adopt it in order to confirm here, because we have no interchangeability. So even just two would be enough, or even just one would be enough. Remember, this is a total interchangeability. It's not a position that we advocated at any point. This is their position. We say it has to be at least one, at the very least at least two, if you're willing to defend those, to go as far as all possibly. I think it's a real waste of this court's time to go that far when the undisputed facts findings would show non-infringement under a much broader construction. If the court decided complete interchangeability is not required and remanded it, it's had the same argument again below. Okay, so let me, I guess, get back to where I kind of started. I guess the thing I was thinking about in concrete terms was the claim construction in place when the various expert reports were done, which would have presumably had the claim construction in mind as opposed to where the experts already done before the claim construction came about. The experts provided some declarations for the claim construction. No, I mean on the summary judgment. Yeah, the claim construction was done. The experts applied that claim construction at summary judgment. What they said, what our experts said, was because zero of the devices could be the master and the accused product, it does not meet the court's construction, which requires all of them, or at least two. That was our non-infringement position. I'm happy to read it into the record if you want. And so that's why we don't know, we're sure the court doesn't need to reach this full interchangeability issue. At the very, very least, the partial interchangeability issue is decided at summary judgment. She said there is no interchangeability, none. So if that's the case, the court only has to find a claim construction that there is at least two nodes have to be interchangeable. But we submit that even if the court finds that at least one needs to be interchangeable, then we still don't infringe because of the facts findings. I just read you about how the accused DNS is separate from the accused hosts, which are the LTMs and vice versa. So there's enough here, enough facts findings undisputed, for this court to affirm under either one of those constructions. Any other questions? No. Okay. I've got one more minute, and I'll just make sure that I have said everything that I need.  All right. Thank you so much. Thank you. Your Honor, a few points. Your Honor stated that you didn't think that judicial estoppel applied. Can you just jump right to if we get rid of the complete interchangeability, but think that at least it has to be interchangeable with one other device, is there a disputed question of fact on that? Your Honor. Or does the record show that undisputedly that their device has one separate DNS server and a bunch of different host servers, and that the DNS can't be interchanged with any of those servers? Your Honor, the court wasn't 100% clear on that. We cited evidence showing that the device could be, that the master device, the accused big IP DNS was indeed interchangeable. With the host servers? Yes. What evidence did you cite? Yeah. In the summary judgment? You'll see in the summary judgment order that the court spends several pages addressing that very evidence. That is at... 60-60? Yeah, that is at pages 9, or APPX 59 through 63. And the court didn't agree with our argument that the big IP DNS, which serves the master or an authoritative domain name server, was interchangeable. Wait, quit saying interchangeable. Respond to the specific question. Is it, because I can't tell when you say she didn't think it was interchangeable, whether she meant it was interchangeable with everything or just one. Did she find that it wasn't interchangeable at all and that there was no disputed fact of that, or that it wasn't interchangeable with all of them? I'd love to give you a clear answer. The problem is that the court wasn't clear and said... Well, what did you assert in your summary judgment motion? We asserted that the device could be, that the big IP DNS was interchangeable. I don't know that we were... What did you point to to show that it was interchangeable? We pointed to evidence showing that the big IP DNS could function within a cluster and could be grouped in that cluster with it being served as a master. We pointed to evidence showing that when it's configured in a cluster, it can indeed be switched out. What do you mean switched out? Changed to another device, but we weren't, I don't see... To a host server or just another DNS server? To what would be considered a host server, meaning another server in the cluster. Where's that evidence? Your Honor, it's, that evidence is in our opposition to F5's, hold on one moment, please. Right, that evidence is cited at APPX 59 where we provided arguments. This is a recitation from our brief opposing summary judgment, and we pointed out that the big IP appliance includes all the F5 modules. We pointed out that the big IP LTM can be any of those appliances, and any could become the master, and we cited evidence for that. We also cited evidence saying that in a sync group, each can be the master, and we also pointed to evidence showing that F5 allows its customer to define objects in the cluster. The court didn't find any of that to be sufficient to demonstrate interchangeability, and to me it appears that when it said, I'm sorry for using the term interchangeability, it appeared to not find evidence that the big IP DNS could change to any server. I don't know that it was clear that it's at all. Right, so if that's the case, that she found there's no just disputed fact about whether it can change to one, then even if we agree with you that it doesn't have to be all, it can just, there still has to be at least interchangeability to one, then, I mean, I know we reviewed this de novo, but if she's right that there's no genuine issue, that theirs doesn't change at all, then you lose under whatever construction, right? Your Honor, I would respectfully disagree, and that's because the independent asserted claims simply don't require the capability for the master device to change. It's not until we get to the dependent claims, 511 and 17, that we see that requirement. The applicant was very clear about specifically what was required by the independent claims. Additionally, I'd note that the district court did point to evidence showing that the master device could indeed serve within a cluster. And that's, the district court cites that at APP Act 61 and 62. So if Your Honors agree with me that the independent claims do not, in fact, require that any device must necessarily, that any interchangeability, meaning the master device responsibility can be transferred to even one other device in a cluster. If that's not a requirement, then we can prove infringement. And that evidence is cited by the district court at APP Act 61 and 62. And that's an open fact issue.  Thank you. Thank you, Your Honors. Thanks to both sides. The case is submitted.